IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. | LESLIE LOWERY, | ) |
| | | ) |
| | Plaintiff, | ) |
| | | ) |
| -vs- | | ) Case No. |
| | | ) |
| 2. | MERCK & CO., INC., | ) Jury Trial Requested |
| | | ) Attorney Lien Claimed |
| | Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Leslie Lowery ("Lowery") and states and alleges the following in support of her claims against the Defendant, Merck & Co., Inc. ("Merck").

### I.

### JURISDICTION AND VENUE

This Court's jurisdiction is invoked under Federal Question Jurisdiction under 28 U.S.C. § 1331 as Lowery's federal claim against Merck is based on 29 U.S.C. § 623 et seq., the Age Discrimination in Employment Act ("ADEA"). This Court has jurisdiction over Lowery's state law claims under 28 U.S.C. § 1367(a), supplemental jurisdiction. Venue is proper in this Court under 28 U.S.C. § 1391 (b)(2) as a substantial part of the events and omissions giving rise to Lowery's claims occurred within the Northern District of Oklahoma.

### II.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Lowery filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 2, 2013. (Ex. 1) Pursuant to 28 USC § 626C(d)1, a civil action may be filed after the expiration of sixty (60) days from the

filing of the EEOC charge. Hence, this filing is timely and Lowery has exhausted her administrative remedies.

## III.

## FACTS IN SUPPORT OF ALL CLAIMS

1. Lowery began her employment as a pharmaceutical representative ("a drug rep") with Merck in March, 1985, when she was 23 years old.

2. Beginning March, 2013 and continuing through September 2013, when Lowery was 51 years old, her District Manager/Customer Team Leader a Merck employee named Theresa Burnett ('Burnett") began and continued to create a severe and pervasive hostile work environment based on the age of Lowery and other older drug reps.

3. Some examples of comments Burnett made to Lowery and other drug reps are:

   a. Older reps like you are having problems catching on to the new computer systems.

   b. Older reps cannot adjust to Merck's new commercial model.

   c. Sales rep jobs are for younger people.

   d. Older reps should have jobs that are more age appropriate.

   e. You look good for a woman your age.

   f. Why don't you find work better suited for your age.

   g. You are not getting any younger.

4. Burnett would publicly belittle and humiliate Lowery and other older drug reps in front of customers and in public places, yelling and screaming. Burnett would say

2

that older reps could not do the job like younger reps. Such treatment altered the conditions of Lowery's employment by creating an abusive environment.

5. Burnett's age discrimination was targeted at female drug reps 50 years old or older.

6. Employee Michelle DoRemus, 50 years old, was subjected to such intense age discrimination that she sought counseling and was forced to take disability due to major depression.

7. Elizabeth McClennan, 50 years old, also was forced to take disability due to Burnett's age discrimination war against the older drugs reps. Ms. McClennan was diagnosed with post-traumatic stress syndrome.

8. So too was Lowery, who is on long term disability due to major depression and symptoms of post-traumatic stress syndrome.

9. Based on information and belief, several physician customers of older drug rep employees wrote letters to Merck, concerned about the hostile work environment to which Burnett subjected older drug reps. Merck did nothing.

10. Lowery and others complained to Merck about Burnett's conduct and comments using proper corporate channels. Merck did nothing.

11. Younger drug reps were not subjected to humiliating, derogatory, age related remarks and comments like the older drug reps.

12. When new laptop computers were given to drug reps, no training was offered to the drug reps, which was especially difficult for the older reps who did not grow up with computers.

13. Not only did Merck condone Burnett's age discrimination, Merck provided false and misleading information to employees who sought disability due to major depression and post-traumatic stress syndrome caused by Burnett. Lowery and others were told they could only get disability if the claims were not work related, when they clearly were. This of course was to steer these people, including Lowery, away from making workers' compensation claims in which they would have received more benefits than in a disability claim.

### IV.

### FIRST CLAIM: VIOLATION OF THE ADEA

14. Lowery incorporates by reference here, all the preceding allegations and further states that during the period of time all the wrongful events took place, she was over 40 years old; she met Merck's legitimate job performance expectations; she was subjected to a hostile work environment because of her age; suffered adverse employment action, being forced to take disability for less employment benefits; and younger drug reps were not subjected to age related hostility. Such conduct by Merck's employee, Burnett, was intentional and because of Lowery's age. Such is a violation of the ADEA, for which Merck is liable as Burnett's employer in an amount in excess of $75,000.00.

### V.

### DAMAGES

15. Merck is liable to Lowery for damages in the form of back pay, front pay, the value of lost bonuses and employment fringe benefits, the increased tax benefits of

back pay and front pay, emotional distress, punitive damages and attorney fees and costs, all as provided by law.

16.    The preceding allegations have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**WHEREFORE**, Plaintiff, Leslie Lowery, prays that this Court enter judgment in her favor as requested above.

Respectfully submitted,

**SNEED LANG PC**

_____
G. Steven Stidham, OBA #8633
Mark A. Waller, OBA #14831
Richard E. Warzynski, OBA #14179
1700 Williams Center Tower I
One West Third Street
Tulsa, Oklahoma 74103-3522
Telephone:  (918) 583-3145
Facsimile:  (918) 588-1314

*Attorneys for Plaintiff*